NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE H. HERMOSILLO,<br><br>            Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>            Defendants._____/ | No. C 08-0915 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, an inmate in the Santa Clara County Jail, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will order service of the complaint upon Defendant Corso, and dismiss the remaining claims because they do not state a cognizable basis for relief under § 1983.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd

1  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.
2  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the color
7  of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8        Plaintiff alleges that various Defendants verbally harassed and threatened him.
9  Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. §
10 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997).  Similarly, allegations of
11 threats also are not cognizable under § 1983.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.
12 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked
13 threat was for purpose of denying access to courts compel contrary result).  Accordingly,
14 Plaintiff's claims of verbal harassment and threats will be dismissed.

15       Plaintiff also alleges that Defendants Kolb and Ott verbally harassed and threatened to
16 physically harm him in retaliation for his refusal to act as "a jail house informant," and that
17 Defendant Corso placed him in "protective custody" in retaliation for his complaining about
18 jail personnel to "Internal Affairs."  (Complaint at 3-3A.)  Retaliation by a state actor for the
19 exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when
20 taken for different reasons, would have been proper.  See Mt. Healthy City Bd. of Educ. v.
21 Doyle, 429 U.S. 274, 283-84 (1977).  "Within the prison context, a viable claim of First
22 Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took
23 some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,
24 and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5)
25 the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,
26 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

27

28 Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding  Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd

United States District Court
For the Northern District of California

With respect to Plaintiff's allegations against Kolb and Ott, Plaintiff cites no authority, and the Court is not aware of any, that the refusal to cooperate with jail officials as an informant for their investigations is a constitutionally protected activity. Thus, his allegations that Kolb and Ott retaliated against him for refusing to cooperate as an informant does not state an actionable retaliation claim under § 1983. By contrast, Plaintiff's allegation that Defendant Corso retaliated against him for exercising his First Amendment right to complain about jail officials to Internal Affairs, when liberally construed, does state a cognizable retaliation claim under § 1983.

Plaintiff also names as Defendants Captain Sepulveda and the County of Santa Clara. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). He makes no allegations against the County, however. His inclusion of the County on the apparent basis that it is liable under a respondeat superior theory is insufficient. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation). With respect to Sepulveda, Plaintiff's only allegation I that Sepulveda "failed to prevent" the other Defendants' "behavior" and he failed "to end these policies and practices that violate inmates' civil rights." Plaintiff alleges no specific facts as to how Sepulveda knew of Corso's alleged retaliation, how Sepulveda failed to prevent it, or what policies or practices caused Corso's actions. Plaintiff's conclusory allegations against Sepulveda are insufficient under Leer, and, under Monell, Sepulveda is not liable on the basis of respondeat superior. Accordingly, the claims against the County of Santa Clara and Captain Sepulveda will be dismissed for failure to state a cognizable basis for relief under § 1983.

//

//

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's retaliation claim against Defendant Corso, as described above, is, when liberally construed, cognizable. The remaining claims against the remaining Defendants are DISMISSED for failure to state a cognizable basis for relief.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Sergeant P. Corso (Badge # 2348)** at **the Santa Clara County Jail.** The Clerk shall also mail courtesy copies of the Complaint and this order to the Santa Clara County Counsel's Office.

3.  No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

    a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd

filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd

317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/15/08

JEREMY FOGEL
United States District Judge

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Hermosillo915disftsc.wpd