1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARK F. BERNAL, Deputy County Counsel (S.B. #173923)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendant
   PATRICK CORSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSE HORACE HERMOSILLO | ) No. C08-0915 JF (PR) |
|---|---|
| Plaintiff, | ) **DEFENDANT PATRICK CORSO'S** |
| | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | ) **UNDER CIVIL RIGHTS ACT;** |
| | ) **DEMAND FOR JURY** |
| SANTA CLARA COUNTY/S.C.C.J., CPT. D. SEPULVEDA, SGNT. P. CORSO #2348, OFF. KOLB #1778, OFF WHITE #1624 | ) |
| Defendants. | ) |

Defendant Patrick Corso ("Defendant"), hereby responds to the Complaint Under the Civil Rights Act ("Complaint") filed by Plaintiff and admits, denies, and alleges as follows:

**ANSWER**

1. In answering the allegations of Section I of the Complaint, Defendant admits the allegations in paragraph B. As to the remaining allegations of Section I, Defendant has insufficient information or belief about the subject to enable him to respond and, basing his denial on that ground, denies each and every other allegation.

2. In answering the allegations of Section II of the Complaint, Defendant admits that he is employed by the County of Santa Clara's Department of Correction and a Sergeant assigned to the Classification Unit. As to the remaining allegations of Section II, Defendant has

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act    -1-    C08-0915 JF (PR)

insufficient information or belief about the subject to enable him to respond and, basing his denial on that ground, denies each and every other allegation.

3. In answering the allegations of Section III of the Complaint, Defendant denies each and every allegations set forth at page 3, lines 12 through 24. The Complaint alleges that the allegation s are continued on "PAGE 3-A," but no such page was served on Defendant. Accordingly, Defendant has insufficient information or belief about the alleged additional allegations to enable him to respond and, basing his denial on that ground, denies each and every other allegation.

4. In responding to the prayer for relief in the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies that Plaintiff has suffered any injury at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that neither the Complaint nor any of its purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

As a separate and distinct affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by Plaintiff. Thus, Plaintiff must bear sole or partial responsibility for his alleged injuries, damages or other alleged loss, if any exist.

//
//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act          -2-                    C08-0915 JF (PR)

### THIRD AFFIRMATIVE DEFENSE

(Fault Of Third Persons)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the incidents complained of, and the loss and damage, if any, which Plaintiff allegedly sustained, were caused wholly or in part by the fault of persons, entities other than Defendant, and such fault is imputed to Plaintiff and either eliminates or reduces the percentage of fault, if any, of Defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Actual Cause)

As a separate and distinct affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the acts alleged in the Complaint on the part of the Defendant did not actually cause the injuries complaint of by Plaintiff. As such, Defendant is not liable for the injuries complained of.

### FIFTH AFFIRMATIVE DEFENSE

(Proximate Cause)

As a separate and distinct affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that there is no proximate cause to link the injuries, if any exist, complained of by Plaintiff with any actions on the part of the Defendant. As such, Defendant is not liable for the injuries complaint of.

### SIXTH AFFIRMATIVE DEFENSE

(Discretionary Immunity)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that any acts on the part of the County, or its employees, if any there may have been, were discretionary, and not ministerial in nature. As such, Defendant is not liable for the injuries complained of .

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act      -3-      C08-0915 JF (PR)

## SEVENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff has failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiff's part.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant allege that each and every cause of action of the Complaint is barred in that Plaintiff is estopped from recovering the amounts claimed, or any amount at all..

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that each and every cause of action in the Complaint is barred in that Plaintiff has waived any rights he may have had to the amounts claimed, or any amount at all.

## TENTH AFFIRMATIVE DEFENSE

(Frivolous, Vexatious)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's action is frivolous and vexatious, and not brought with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law, thus entitling Defendant to an award of attorneys' fees and costs.

//

//

### ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff is barred from obtaining relief by reason of the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

(Allegations Not Reflected In The Claim)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering defendant alleges that the Complaint, and each and every cause of action, alleges a factual basis for recovery which is not fairly reflected in the written claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Violation Of Rights)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant denies that they have deprived the Plaintiff of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or by the laws or Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Malice, Willfulness or Fraud)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that at no time did he/she/they act maliciously, willfully, or fraudulently.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Exhaustion Of Administration Remedies)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that each and every cause of action of the Complaint is barred in that Plaintiff has failed to exhaust his administrative remedies, including but not limited to statutory remedies, remedies provided by any applicable

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act    -5-    C08-0915 JF (PR)

1  court order, and by any applicable collective bargaining agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Privileged/Justified Conduct)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

(Compliance with State and Federal Law)

As and for a separate and affirmative defense to the Complaint on file herein, this answering Defendant alleges that all actions taken by him comported with all state and federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Immunity -- Lack Of Federal Right)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that at the time of the events alleged by Plaintiff, there were no clearly established constitutional rights, of which this answering Defendant knew or should have known, which required this answering Defendant to act differently than they did, in fact, act. This answering Defendant, therefore, alleges that it is immune from liability.

## NINETEENTH AFFIRMATIVE DEFENSE

(Government Code Section 815)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that a public entity is not liable for an injury whether such injury arises out of an act or omission of the public entity or public employee or any other person. As such, this answering Defendant is not liable for the injuries complained of herein.

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act        -6-        C08-0915 JF (PR)

## TWENTIETH AFFIRMATIVE DEFENSE

(Affirmative Defenses In Government Code)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant asserts all of the affirmative defenses provided in Government Code sections 810 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Privileges or Immunities)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that some or all of Plaintiff's claims are barred by applicable statutory and common law privileges or immunities, including but not limited to managerial and deliberative process privileges or immunities, Tort Claims Act immunities, and/or other governmental immunities and/or privileges.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Policy, Custom Or Practice)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that they have no policy, custom or practice which violates any person's civil rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Established Constitutional Rights)

As and for a separate and affirmative defense to the Complaint, this answering Defendant alleges that at the time of the events alleged by Plaintiff there were no clearly established constitutional rights of which the answering Defendant knew, or should have known, which required this answering Defendant to act differently. This answering Defendant therefore alleges that he is immune from liability.

//
//
//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act    -7-    C08-0915 JF (PR)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

As a separate, distinct and affirmative defense to the Petition for Writ of Mandate, and to each and every cause of action contained therein, this answering Defendant alleges that Plaintiff has adequate remedies at law and is therefore not entitled to equitable relief herein on any cause of action alleged.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Irreparable Harm)

As a separate, distinct and affirmative defense to the Petition for Writ of Mandate, and to each and every cause of action contained therein, this answering Defendant alleges that the acts and omissions alleged herein will in no manner cause irreparable harm to Plaintiff.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Mootness)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that the matter has become moot.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Prison Litigation Reform Act)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Acts in Good Faith)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that the employees and all officials and agents of the County of Santa Clara were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may has is barred by law.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act        -8-        C08-0915 JF (PR)

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Assumption Of Risk)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering Defendant alleges that at the times and places and on the occasions mentioned in the Complaint, Plaintiff assumed the risk of any injury or damage which Plaintiff might sustain and recovery by Plaintiff is thereby barred.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Use of Force: Privilege)

As a separate, distinct and affirmative defense to the Complaint, Defendant alleges that if in fact any force was used, such force was authorized, justified, and/or privileged under California and federal law and as a proximately result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage, if any exists.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Reasonable and Probable Cause)

As a separate, distinct and affirmative defense to the Complaint, Defendant alleges that at all times mentioned in Plaintiff's Complaint, it had reasonable and probable cause to detain and restrain Plaintiff under state and federal law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Use of Force: Prevent Injury/Escape)

As a separate, distinct and affirmative defense to the Complaint, Defendant alleges that if in fact force was used, no more force was used on Plaintiff's person than was necessary to effect detention, secure the premises, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers or to facilitate and safeguard a valid law enforcement investigation.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed with prejudice;

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act         -9-                    C08-0915 JF (PR)

3. That all costs of suit, including attorneys' fees, be awarded to Defendant;

4. That judgment be entered in favor of Defendant; and

5. That the Court award such further relief as this Court may deem just and proper.

Dated: August 1, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
MARK F. BERNAL
Deputy County Counsel

Attorneys for Defendant
PATRICK CORSO

## REQUEST FOR JURY

Defendant hereby requests a jury.

Dated: August 1, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
MARK F. BERNAL
Deputy County Counsel

Attorneys for Defendant
PATRICK CORSO 137600.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Def. Patrick Corso's Answer to Plaintiff's
Complaint Under Civil Rights Act    -10-    C08-0915 JF (PR)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

PROOF OF SERVICE BY MAIL

J. Hermosillo v. Santa Clara County, et al.                                C08-0915 JF (PR)

I, Catherine M. Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of **DEFENDANT PATRICK CORSO'S ANSWER TO PLAINTIFF'S COMPLAINT UNDER CIVIL RIGHTS ACT; DEMAND FOR JURY** by placing said copy in an envelope addressed to:

Jose H. Hermosillo
CRE-216/08001367
885 N. San Pedro Street
San Jose, CA 95110

which envelope was then sealed, with postage fully prepaid thereon, on **August 1, 2008,** and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **August 1, 2008**, at San Jose, California.

_____
Catherine M. Grijalva