NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE H. HERMOSILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>P. CORSO,<br><br>    Defendant.<br>_____ / | No. C 08-00915 JF (PR)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>(Docket No. 14.) |

    Plaintiff, a former inmate in the Santa Clara County Jail, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. The Court ordered service of the complaint upon Defendant Sergeant P. Corso, and dismissed the remaining claims for failing to state a cognizable basis for relief under § 1983. Defendant Corso has filed a motion for summary judgment. (Docket No. 14.) Plaintiff has not filed opposition. For the reasons discussed below, the Court concludes that Defendant Corso is entitled to summary judgment and will GRANT Defendant's motion.

///

///

///

# DISCUSSION

## I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

///

## II. Legal Claims and Analysis

The Court found cognizable, when liberally construed, Plaintiff's claim that Defendant Corso placed him in "protective custody" in retaliation for Plaintiff exercising his First Amendment right to complain about jail officials to Internal Affairs. (Compl. at 3-3A.) Retaliation by a state actor for the exercise of a constitutional right is actionable under § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. V. Doyle, 429 U.S. 274, 283-84 (1977). Plaintiff seeks only injunctive relief, i.e., to enjoin jail officials from the use of "harassment, threats and intimidation" against inmates such as himself, and that the Court order the County to "take the necessary steps ti bring [jail officials] into compliance with the lay by setting new policy prohibiting such malicious practices." (Compl. at 4.)

### A. Mootness

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." Alvarez v. Smith, 130 S. Ct. 576, 580 (2009) (citations omitted).

Whereas standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries require courts to look to changing circumstances that arise after the complaint is filed. ACLU v. Heller, 471 F.3d 1010, 1016 (9th Cir. 2006). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments. See Flast v. Cohen, 392 U.S. 83, 95 (1968); see, e.g., Foster v. Carson, 347 F.3d 742, 745-46 (9th Cir. 2003) (constitutional challenge requesting declaratory relief to Oregon's "Budget Reduction Plan" suspending certain criminal proceedings and appointment of public defenders for indigent defendants in those proceedings is moot where at time of appeal plan has expired and appellate court unable to provide any relief to plaintiffs). A claim also may be considered moot if interim relief or events have completely and irrevocably eradicated the effects of the alleged

violation. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (claim for injunctive and declaratory relief for unconstitutional blood and urine tests was not mooted by the cessation of the testing because there were lingering effects of the violations that could be remedied, i.e., a defendant retained the test results and could be ordered to expunge the unconstitutional test results from its records). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

Defendant Corso moves for summary judgment on the grounds that Plaintiff's action for injunctive relief is moot and unenforceable against him as the sole remaining defendant to this action. (Mot. at 1.) Defendant asserts that Plaintiff has not been in custody since July 2, 2009, (see Asban Decl. at 2) (Docket No. 15), and that Plaintiff's release from jail renders his case moot because no case or controversy presently exists before this Court. (Mot. at 3.) Plaintiff has not filed opposition to meet his burden to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.

The Court concludes that there is no genuine issue of material fact with regards to Defendant's contention that no controversy remains or any requested relief for the Court to provide. Because only injunctive relief is involved, the Court must consider the present circumstances to resolve the question of mootness. See Mitchell, 75 F.3d at 528. It is clear that Plaintiff's non-custodial status means he is no longer subject to the alleged "malicious conduct" of Santa Clara County Jail officials, and a court order enjoining them from such conduct would have no effect on Plaintiff. Furthermore, when an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir. 1986); see also PUC v. FERC, 100 F.3d at 1459 (federal court cannot issue declaratory judgment if claim is moot); cf. Sadorski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of class claim for injunctive relief because inmate was no longer

incarcerated pursuant to an unlawfully modified sentence and therefore had no personal stake in the outcome of this litigation) (citing <u>Flast v. Cohen</u>, 392 U.S. 83, 101 (1968)).  In sum, Plaintiff's release from custody has rendered his First Amendment claim against Defendant Corso moot as it is no longer a present and live controversy, and the injunctive relief Plaintiff seeks would no longer be effective.  <u>See</u> <u>Flast</u>, 392 U.S. at 95.

## CONCLUSION

For the foregoing reasons, Defendant P. Corso's motion for summary judgment is GRANTED.  (Docket No. 14.)

This order terminates Docket No. 14.

IT IS SO ORDERED.

DATED: 7/15/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE H. HERMOSILLO,

        Plaintiff,

  v.

P. CORSO,

        Defendant.

Case Number: CV08-00915 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/26/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Horace Hermosillo
1747 S. King Road
San Jose, CA 95122

Dated:  7/26/10

                                  Richard W. Wieking, Clerk